Daniel G. Albert, J.
This is an article 78 proceeding to review the determination of the Board of Appeals of the Town of Oyster Bay which affirmed the rejection of petitioners’ application for a building permit to erect a gasoline station on premises owned by them, located at the southeast corner of the intersection of Routes 106 and 25A in the Unincorporated Village of East Norwich.
The subject property is situated on what was formerly an area zoned as a “Residence C” Use District. Such use prohibited the maintenance thereon of a gasoline station.
On June 22, 1964, petitioners petitioned the Town Board of *536 the Town of Oyster Bay for a change of zoning from “ Residence C ” to “ Business G ” in which latter zone the erection of a gasoline station and public garage was a permitted use conditional upon approval of the Town Board.
A public hearing was held on October 13, 1964 and a decision approving the change in zoning was rendered on December 23, 1964 by the Town Board and the required permission for the erection of the gasoline service station was given.
Since the subject premises were within 300 feet of the town boundary line with the Incorporated Village of Muttontown, notice of the change of zoning was timely sent to the Nassau County Planning Commission, pursuant to law (Nassau County Government Law, § 1608; L. 1936, ch. 879, as amd.), which law empowers the Planning Commission to veto any downzoning effected by a municipality within 300 feet of its boundary line with an incorporated village.
The hearing before the Planning Commission took place on January 19, 1965, within the 30-day period mandated by the Nassau County Government Law (§ 1608). The County Planning Commission, both at the time of the hearing and of its decision, was composed of only four persons, although the law creating it (Nassau County Government Law, § 1601) provides for a composition of five members. Such single vacancy in office is conceded to have been continued through the date of decision and the 30-day period provided for action by veto in said law (Nassau County Government Law, § 1608).
As a matter of fact the papers submitted on this motion indicate that the disapproval by the County Planning Commission of the action taken by the Town Board was the product of four members thereof, only three of whom voted for disapproval with one member abstaining from voting.
Following the decision of disapproval, as indicated, the petitioners applied to the Director of the Department of Building and Engineering of the Town of Oyster Bay for a building permit, which was denied by him, upon the authority of the veto exercised by the Planning Commission. This denial was sustained by the Board of Appeals. Recourse to this court by this proceeding has been taken from both these decisions.
The principal question raised by the stated facts is addressed to the effect to be given to the decision of the County Planning Commission. If, as is contended by petitioners, the concurrence of two thirds of the authorized statutory composition of the commission (Nassau County Government Law, § 1601) including vacancies, absentees and abstentions, was required, the veto by 3 of the 4 members then in office, one abstaining, was mathe *537 matically less than the two thirds required, and the statute’s (Nassau County Government Law, § 1608) mandate applies, namely, that approval is inferred unless disapproval is adopted by a “two-thirds vote of such commission or board ” within 30 days after filing of the notice of the Town Board’s action with the Planning Commission.
On the other hand, if the requirement of a two-thirds vote applies only to a quorum or majority of the existing composition of the Planning Commission, then petitioner must fail in this proceeding.
It is observed that the Planning Commission is not a party to this proceeding, since the jurisdiction of this court to review the denial of a building permit is directed only to the Town Board of Appeals and its employee charged with the duty of issuing such permit.
In the opinion of this court the petitioners are correct in their interpretation. In dealing with the questions of quorum and majority, section 41 of the General Construction Law states: ‘ ‘ Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words ‘ whole number ’ shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting.”
In a comparatively recent case (Incorporated Vil. of Farmingdale v. Inglis, 17 A D 2d 655), the Appellate Division of this Department, in construing section 41 of the General Construction Law, stated (p. 656): “It is the sense of the latter definition that, as long as the lawfully required proportion of the whole number exercises the power, the authority or the duty for which the commission was created, a vacancy does not per se render the commission powerless to perform its obligation.” (Emphasis supplied.) The lawfully required proportion of the whole number in the instant case constituted at least % of 5, or 4 members of the Planning Commission. The “ whole number ”, as used in the General Construction Law, means the total number of those authorized by statute, including vacancies.
An abstention is a vote which should be counted in opposition to a resolution (Matter of Cromarty v. Leonard, 13 A D 2d *538 275, affd. 10 N Y 2d 915). Hence the vote in the resolution of disapproval, by the Planning Commission, on the Town Board’s downzoning of the subject property was less than the two thirds mandated by the statute required to effectuate such veto power. Since no further action was taken within the 30-day period limited by the statute for such action, this constituted approval of the action of the Town Board in downzoning the subject property.
Such downzoning having been approved by failure to veto, as required, the action of the Board of Appeals in affirming the denial of the building permit was an arbitrary act due to its misapprehension of the law. This act is reviewable by this court, which directs the issuance of the permit applied for.