In the Matter of ANN L. MONROE, Appellant, v. NEW YORK STATE BOARD OF ELECTIONS et al., Respondents.— Judgment reversed, without costs, and petition granted only to the extent of invalidating the nomination and otherwise denied: Memorandum: Petitioner seeks a determination invalidating the nomination of respondent William R. Murray as the candidate of the Conservative Party for the office of Justice of the Supreme Court in the Third Judicial District, and declaring Ellis J. Staley, Jr., to be the duly nominated candidate of the judicial district convention of that party held at Catskill, New York, on September 14, 1974. It appears that 20 delegates were present and seated at the convention. Section 4 of article VIII of the rules and

regulations of the Conservative Party provides in part: "All nominations at any convention shall be made by a majority of the delegates present and voting and, if a majority of the delegates present and voting shall vote not to nominate any candidate to fill a given vacancy, then no candidate shall be nominated to fill that vacancy." On the first vote of the convention the count was as follows: Staley — 8; Murray — 7; Abstentions — 5. On the second vote the count was: Murray — 10; Staley — 9; Not voting — 1. Thereupon respondent Murray was declared the choice of the convention and a certificate of his nomination was duly filed. Special Term has sustained the nomination and dismissed the petition upon the ground that Robert's Rules of Order apply, that under those rules only 19 votes were to be considered, and that respondent Murray received a majority of them. We reach a different conclusion. There being 20 delegates present and voting at the convention, under the rules of the Conservative Party a majority of 11 votes were required to nominate a candidate. The abstention by one delegate is a vote not to support either candidate, and his vote may not be counted as a vote for Murray any more than for Staley; in fact, the act of "not voting" constitutes a vote against both candidates. It has been held that, "an abstention is a vote which should be counted in opposition to a resolution (*Matter of Cromarty* v. *Leonard,* 13 A D 2d 275, affd. 10 N Y 2d 915)" (*Matter of Downing* v. *Gaynor,* 47 Misc 2d 535, 537). An illustration will demonstrate the efficacy of this rule and the fallacy of a contrary rule. Suppose 11 of the delegates answered "Not voting", and the remaining nine delegates split five to four for Murray and Staley. Under the ruling at Special Term the five delegates would control and make the nomination. Such a result would be contrary to the intent of the Election Law (see Election Law, § 132, subd. 3; *Matter of Johnson* v. *Lomenzo,* 20 N Y 2d 783, affg. 28 A D 2d 965). Since no person received a majority of the eligible votes of the convention the convention failed to make a valid nomination. The petition should, therefore, be granted to the extent only of declaring invalid the nomination of respondent Murray and the certificate filed certifying his nomination. Since Staley likewise received less than a majority of the eligible votes, the petition, insofar as it prays that he be declared the nominee of the Conservative Party for the office of Justice of the Supreme Court in the Third Judicial District, should be denied. All concur except Marsh, P. J., who dissents and votes to affirm, in the following memorandum: It is clear from the record that on the two ballots taken at the convention 20 delegates were "present" but on the second ballot the one delegate who called out "not voting" was not a delegate "present and voting" for the purposes of determining what constituted a majority in accordance with the provisions of section 4 of article VIII of the rules of the Conservative Party. While 20 were "present" only 19 were "present and voting". The option of "no candidate" presented on the first ballot was no longer before the delegates and the "not voting" declaration should not be equated with the meaning of "I abstain" used on the first ballot, but rather represented an asserted election not to record a vote on the issue before the convention. Thus, the chairman and Special Term properly concluded that the 10 votes for Mr. Murray constituted a majority of the 19 delegates "present and voting" on the second ballot according to the party rules. The definition of "majority" in section 43 of Robert's Rules of Order incorporated by reference in the rules of the Conservative Party supports the conclusion that Murray was nominated by a majority vote: "when the term majority vote is used without qualification * * * it means more than half of the votes cast by persons legally entitled to vote, excluding blanks or abstentions". (Appeal from judgment of Albany Special Term in election proceeding transferred

from Appellate Division, Third Judicial Department.) Present — Marsh, P. J., Witmer, Cardamone, Goldman and Del Vecchio, JJ. (Order entered October 14, 1974.)